## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Hitendrasinh Parmar, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (referred to as, the "Plaintiff"), on the one hand, and Fulton Family Pharmacy Inc., GS Pharmacy LLC, Wellcare Pharmacy, LLC, Dilip Lavani ("D. Lavani"), and Gita Lavani ("G. Lavani") (collectively referred to as, the "Defendants"), on the other hand.  Plaintiff and Defendants hereinafter referred to as the "Parties."

**WHEREAS**, on or about September 18, 2021, Plaintiff filed a complaint in the United States District Court for the Southern District of New York, bearing the caption *Hitendrasinh Parmar v. Fulton Family Pharmacy, at al.*, Civil Case number 21-cv-07826, alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law ("NJWPL") by failing to pay Plaintiff overtime and minimum wages, failing to provide accurate NYLL 195(1) wage notice forms, failing to pay Plaintiff an agreed upon wage rate, unlawful deductions, failing to pay spread of hours premiums, failing to provide accurate NYLL 195(3) wage statements, and for alleged retaliation (the "Complaint" or the "Action");

**WHEREAS**, as part of the Southern District's mediation program, the parties enlisted the services of experienced mediator Daniel Engelstein, Esq. of Levy Ratner, P.C., which helped negotiations leading to a settlement in principle;

**WHERAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle and terminate the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein;

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1.      **Consideration**: In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims as set forth in Paragraph 3 below, and in full and final settlement of all of Plaintiff's claims against Defendants in the Action, Defendants will provide Plaintiff with a total payment of One Hundred Thirty-Five Thousand and Zero Cents ($135,000.00) (the "Settlement Payment") as follows:

(a)      Within twenty (20) days of (i) the District Court issuing an Order approving the Parties' Agreement and dismissing this matter with prejudice, and (ii) the receipt, by Defendants' Counsel, of a fully completed and executed IRS Form W-4 from Plaintiff, a fully

completed and executed IRS Form W-9 from Plaintiff, and a fully completed and executed IRS Form W-9 from Braverman, PLLC, Defendants shall make payments to Plaintiff and his counsel (Braverman, PLLC), pursuant to the payment plan attached hereto in **Exhibit A.** The initial payment shall be in total Thirty-Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($33,750.00) (the "Initial Payment").

(b)     Commencing on the last day of the first full month after the Initial Payment, Defendants shall make three (3) additional monthly payments to Plaintiff and his counsel (Braverman, PLLC), on the last day of each such month, each in the total amount of Thirty-Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($33,750.00). The three (3) additional monthly payments shall total One Hundred and One Thousand Two Hundred and Fifty Dollars and Zero Cents ($101,250.00). The Initial Payment and each Monthly Installment Payment to Plaintiff and his counsel shall be apportioned as set forth in Exhibit A.

(c)     As set forth in Exhibit A, the Initial Payment and each Monthly Installment Payment to Plaintiff shall be allocated for tax purposes as follows:

    i.      Fifty percent (50%) of Plaintiff's portion of each payment shall represent payment of alleged unpaid wages claimed by the Plaintiff. Defendants will report this amount as wages earned on an IRS Form W-2, from which all-applicable taxes, withholdings and authorized deductions shall be made.

    ii.     Fifty percent (50%) of Plaintiff's portion of each payment shall represent alleged liquidated damages, statutory penalties and interest due and owing under the FLSA and NYLL. Consequently, the Parties agree that Defendants shall report such amount as income to the Plaintiff on an IRS Form 1099 with box #3 checked.

(d)     All payments made to Braverman, PLLC as set forth in Exhibit A shall represent attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

(e)     Of the combined payments set forth in paragraphs (a) and (b) of this section, Plaintiff shall receive a total of $89,522.26 and Braverman, PLLC shall receive a total of $45,000.00 in attorneys' fees and $477.74 in expenses.

(f)     All payments under this Paragraph shall be delivered to Braverman, PLLC, 19 West 44th Street, Suite 1500, New York, NY 10036.

(g)     The Parties acknowledge and agree that the provisions in this Paragraph 1 are express and absolute conditions of this Agreement, are bargained-for consideration for the rights contained in this Agreement, and are not mere recitals, and that any violation of the terms and conditions of the provisions of Paragraph 1 of the Agreement shall constitute a material breach of this Agreement. The Parties further acknowledge and agree that, in the event that Defendants breach, violate, fail or refuse to comply with Defendants' payment obligations under this Paragraph 1 (the "Breach"), Plaintiff shall be entitled to recover, in any action regarding such Breach, Plaintiff's actual damages including statutory interest, costs, expenses and reasonable

2

attorneys' fees, including any appeal and collection proceeding, accruing to Plaintiff as a consequence of said action.

**2.** <u>Full Payment</u>: Plaintiff agrees and affirm that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel for his breach of contract, retaliation, and wage and hour claims. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to his relationship with Defendants, including any claims for wages, minimum wage, or overtime pay under New York and New Jersey state and federal laws or common law. Plaintiff agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

**3.** **Release of Wage and Hour Claims**: In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of himself and, if any, his spouse(s), domestic partner(s), children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waive, discharge and release, the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, representatives, agents and attorneys, (including G. Lavani, D. Lavini, Susana Jiang, and Purnendu Raval in their individual and representative capacities, and their immediate family, heirs, beneficiaries, assigns, and present and/or former fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the Fair Labor Standards Act, the New York State Labor Law, New Jersey Wage and Hour Law, the New Jersey Wage Payment Law and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime or other unpaid or underpaid wages or compensation (including any claims for breach of contract seeking lost or unpaid wages and retaliation), including reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued until the date Plaintiff signs this Agreement.

This release of wage and hour claims includes all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, and reimbursements, during Plaintiff's alleged employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. Plaintiff agrees that he hereby waives any right that he may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by him or not.

**4.** **Claims Excluded from the Agreement**: Nothing in this Agreement shall prohibit Plaintiff from filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the U.S. Equal Employment Opportunity Commission, the National

Labor Relations Board, the United States Securities and Exchange Commission, or any other federal, state, or local agency charged with the enforcement of any laws. Further, nothing in the Agreement shall be construed to interfere with: (a) the ability of any federal, state or local government agency to investigate any such charge or complaint, (b) Plaintiff's ability to communicate voluntarily with any such agency, or (c) Plaintiff's ability to provide truthful testimony in any court, administrative, arbitration or other proceeding. Notwithstanding the foregoing, Plaintiff waives any and all rights to recover monetary damages or other individual relief or recovery in any charge, complaint, or lawsuit filed by him or by anyone else on his behalf based on events occurring prior to the date he executes this Agreement, except for any right he may have to receive a payment from a government agency (and not the Defendants, or any of the Releasees) for information provided to the government agency, and except where such a waiver is prohibited by law. Plaintiff further understand that this Agreement does not release any claim that this Agreement has been breached.

5.     **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Released Parties concerning any matter released in this Agreement. If the Plaintiff breaches the provision of this Paragraph, Released Parties will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the enforcement of this Agreement and/or defense of such claims. Except to enforce the terms of this Agreement, Plaintiff shall not institute, be represented in, participate in, or permit to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class, collective, or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Released Parties concerning claims that Plaintiff has, had, or may have against Released Parties under the FLSA, NYLL, NYCRR, NJWHL, and NJWPL. In the event any class or collective action that is brought against the Released Parties includes or may include Plaintiff, he shall withdraw therefrom as soon practicable without obtaining or accepting any relief or recovery upon learning of Plaintiff's inclusion or will be in breach hereof.

6.     **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice**: The Parties shall submit to the Court a Joint Motion for Approval of the Agreement. Upon the Court's approval of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit B**, which will be filed with the Court only after the Court has entered an Order approving the Agreement. Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and the Parties' Stipulation and Order for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7.     **Taxes and Withholdings**:   Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1. Plaintiff acknowledges that he has been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and has not relied upon any representation of Defendants on that subject. Plaintiff understands and agrees that he shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, that he may owe, that is associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the

4

employer's share of Social Security or Medicare tax. Plaintiff further understands that his counsel cannot provide and will not provide any tax advice and is not responsible for Plaintiff's tax obligations on the payments referenced in Paragraph 1.

**8.     Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his claims in the Action and that the amount being paid to Plaintiff, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

**9.     No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by or against any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's alleged employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

**10.    Mutual Non-Disparagement**: Plaintiff agrees that he will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releasees, whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, his employers, the press or other media). The language of this Paragraph 10 shall not prohibit Plaintiff from making truthful statements about his experiences litigating this case or working for Defendants. G. Lavani and D. Lavani agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Plaintiff, whether by electronic, written or oral means, to any of Plaintiff's employers, potential employers, or to any other person (including, but not limited to, the press or other media). This Paragraph 10 shall not prohibit G. Lavani and D. Lavani from making truthful statements about their experiences litigating this case.

**11.    Neutral Reference for Plaintiff**: In the event that Defendants receive a written request for an employment reference for Plaintiff G. Lavani, they will respond that it is Defendants' policy to provide only Plaintiff's title and dates of employment and no additional information.

**12.    Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by all Parties.

**13.    No Other Complaints or Charges**:  Plaintiff hereby represents that other than the Action, have no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees.  Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his alleged employment with the Defendants.

**14.    Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**15.    Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

**16.    Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

**17.    Assignment of Claims**: Plaintiff hereby represents and warrant that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**18.    Voluntary Agreement**:  Plaintiff represents and agrees that:

(a)    he is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b)    he signed this Agreement freely and voluntarily and without duress;

(c)    no promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

(d)    he was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

**19.    Full and Complete Agreement**: This Agreement constitutes the full, complete, and entire agreement between the Parties regarding the subject matter hereof, i.e., wage and hour claims, retaliation, breach of contract, and fully supersedes any and all prior agreements, negotiations, promises and understandings between the parties hereto.

**20.    Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

**21.    Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**22.    Counterparts**: This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute

6

one and the same document. An original, a signature via DocuSign or an electronic copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement. This Agreement may be signed and/or delivered electronically, which shall be as effective as an original document.

23. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:
William H. Ng
Keegan B. Sapp
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
WNg@littler.com
KSapp@littler.com

Plaintiff's Counsel:
Daniel S. Braverman
Sean W. Higgins
Braverman, PLLC
19 West 44th Street, Suite 1500
New York, NY 10036
dbraverman@bravelaw.com
shiggins@bravelaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

25. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT ON HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.


**AGREED:**

**PLAINTIFF**

**HITENDRASINH PARMAR**

H. K. PARMAR

_____

Dated: _07/01/2022_____


**DEFENDANTS**

**FULTON FAMILY PHARMACY INC.**

By: _____

Dated: _____


**GS PHARMACY LLC,**

By: _____

Dated: _____


**WELLCARE PHARMACY LLC**

By: _____

Dated: _____


**DILIP LAVANI**

By: _____

Dated: _____

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFF**

**HITENDRASINH PARMAR**

_____

Dated:_____

**DEFENDANTS**

**FULTON FAMILY PHARMACY INC.**

By: _____

Dated: __7/1/22__

**GS PHARMACY LLC,**

By: _____

Dated: __07/1/22__

**WELLCARE PHARMACY LLC**

By: __P. P. Raval__

Dated: __07/01/22__

**DILIP LAVANI**

By: _____

Dated: __07/01/ 22__

8

**GITA LAVANI**

By: _____

Dated: _07/01/22_____

9

**<u>EXHIBIT A</u>**

| Payment | Total Payment | Plaintiff's W-2 Payment | Plaintiff's 1099 Payment | Braverman, PLLC Fees and Expenses Payment |
|---|---|---|---|---|
| 1 | $33,750.00 | $11,190.28 | $11,190.29 | $11,369.43 |
| 2 | $33,750.00 | $11,190.29 | $11,190.28 | $11,369.43 |
| 3 | $33,750.00 | $11,190.28 | $11,190.28 | $11,369.44 |
| 4 | $33,750.00 | $11,190.28 | $11,190.28 | $11,369.44 |
| Totals | $135,000.00 | $44,761.13 | $44,761.13 | $45,477.74 |

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HITENDRASINH PARMAR,

         *Plaintiff,*

    -against-

FULTON FAMILY PHARMACY, INC., GS
PHARMACY LLC, WELLCARE PHARMACY
LLC, DILIP LAVANI, and JOHN DOE(S) 1-10,

         *Defendants.*

Case No. 1:21-cv-04664 (AJN)

---

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

    (a)    the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015); and

    (b)    the above-captioned action is dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement; and

    (c)    the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

**BRAVERMAN, PLLC**

By: _____
    Daniel S. Braverman
    Sean W. Higgins
    19 West 44th Street, Suite 1500
    New York, NY 10036

    Dated: _____ ___, 2022

**LITTLER MENDELSON, P.C.**

By: _____
    William H. Ng, Esq.
    Keegan B. Sapp, Esq.
    290 Broadhollow Road, Suite 305
    Melville, New York 11747

    Dated: _____ ___, 2022

**SO ORDERED:**

_____
U.S. Magistrate Judge

Dated _____