UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

HITENDRASINH PARMAR,

                    Plaintiff,

        – against –

FULTON FAMILY PHARMACY INC., GS
PHARMACY LLC, WELLCARE
PHARMACY LLC, DILIP LAVANI, and
GITA LAVANI,

                    Defendants.

**ORDER**

21 Civ. 7826 (ER)

RAMOS, D.J.:

      Hitendrasinh Parmar brought this action on September 18, 2021, against defendants Fulton Family Pharmacy Inc., GS Pharmacy LLC, Wellcare Pharmacy LLC, Dilip Lavani, and Gita Lavani. Parmar alleges that Defendants failed to pay the lawful minimum wage, overtime compensation, and spread of hours compensation, unlawfully deducted his wages, and failed to provide proper wage notices and wage statements in violation of the Fair Labor Standards Act ("FLSA") and various provisions of New York and New Jersey state labor laws. Doc. 1. Before the Court is the parties' motion for settlement approval. Doc. 31. For the following reasons, the motion for settlement approval is DENIED.

**I. LEGAL STANDARD**

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the

proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.     DISCUSSION

### A.     Range of Recovery

The proposed settlement agreement provides for a recovery of $135,000. Doc. 31 at 2. Parmar's counsel will receive approximately one third of the total settlement amount for attorneys' fees ($45,000) and costs ($477.74). *Id.* After attorneys' fees and costs, Parmar will receive $89,522.26.

Parmar estimates that he is entitled to a total of $82,968 in back wages, exclusive of attorneys' fees and costs. *Id.* Thus, under the terms of the settlement, Parmar would recover approximately 107.9% of his total back wages.

In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018)

(collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Parmar receiving a settlement without experiencing the risks and delays inherent in litigation. Furthermore, Parmar's counsel notes that there were contested disputes that went to the heart of his claims, and that Defendants contest the number of hours he worked and the wages he received. Doc. 31 at 3. Parmar believes the settlement is reasonable in light of these uncertainties. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the aforementioned uncertainties and the risk of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Parmar. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Finally, this settlement resulted from arm's length negotiations following multiple court-ordered mediation conferences. Doc. 31 at 3; Doc. 22.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

**B.   Attorneys' Fees & Costs**

Parmar's counsel will receive $45,000 in attorneys' fees, which is one third of the settlement, and $477.74 in costs. Doc. 31 at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan.

2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

However, the parties have not provided any documentation to support the reasonableness of the proposed attorneys' fees. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Nights of Cabiria*, 96 F. Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336). "While there is a strong presumption that the 'lodestar' amount—that is, the number of attorney hours reasonably expended times a reasonable hourly rate—represents a reasonable fee, the court may adjust the fee award upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 336. The present submission does not include any billing records documenting the fees. The Court is thus in no position to assess their reasonableness. *See Nights of Cabiria*, 96 F. Supp. 3d at 181–82. Moreover, "courts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015).

### C.    Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable releases or non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021).

With respect to Parmar's obligations under the agreement, the release appropriately discharges only wage-and-hour claims under the FLSA, New York Labor Law, New Jersey Wage and Hour Law, New Jersey Wage Payment Law, and regulations, concerning unpaid wages.  Doc. 31-1 at 3; Doc. 31 at 3 ("[T]he release provision in the Agreement is limited to [Parmar's] wage and hour claims through the date [he] signs the Agreement[.]"); *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

The settlement agreement also includes a mutual non-disparagement clause.  Doc. 31-1 at 5.  Because the non-disparagement clause includes a carve-out for truthful statements about the parties' experience litigating the case, it is permissible.  *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 180 n.65; *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016).

### III.  CONCLUSION

The request for settlement approval is therefore DENIED without prejudice.  The parties are therefore instructed to do one of the following by August 12, 2022:

- Submit a revised agreement to the Court.  The revised agreement shall provide documentation to support the reasonableness of attorneys' fees as described in this Order;
- File a joint letter that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 31.

It is SO ORDERED.

Dated: July 29, 2022
New York, New York

EDGARDO RAMOS, U.S.D.J.