UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

HITENDRASINH PARMAR,

            Plaintiff,

    – against –

FULTON FAMILY PHARMACY INC., GS PHARMACY LLC, WELLCARE PHARMACY LLC, DILIP LAVANI, *and* GITA LAVANI,

            Defendants.

**ORDER**

21 Civ. 7826 (ER)

Ramos, D.J.:

On July 1, 2022 the parties submitted their first application to the Court for settlement approval. Doc. 31. The Court declined to approve that application without prejudice on July 29, 2022 because the parties had failed to submit documentation supporting the attorney's fees calculations from which the Court could assess their reasonableness. Doc. 32. All other provisions were found to be fair and reasonable. *Id.* Before the Court is the parties' revised motion for settlement approval. Doc. 33. For the following reasons, the motion for settlement approval is GRANTED.

    I.    Discussion

Attorney's Fees

The Court finds the proposed attorneys' fees and costs to be reasonable. Plaintiff's counsel will receive $45,000 for attorneys' fees, which is approximately one third of the settlement, and $477.74 in costs. Doc. 33 at 2. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo*

*v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).

Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). Here, the lodestar of approximately $53,000, compared to the requested $45,000 of the settlement, results in a lodestar multiplier of approximately 0.85. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.85 and determines $45,000 in attorneys' fees to be reasonable under the circumstances. The Court further finds that the requested costs of $477.74 are also reasonable.

II.     Conclusion

Following review of the billing records and circumstances of this case, the Court agrees that the requested attorney's fees are reasonable. Accordingly, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 33, and to close the case.

It is SO ORDERED.

Dated: October 21, 2022
       New York, New York

                                                                  EDGARDO RAMOS, U.S.D.J.